In the Matter of HAROLD E. S. SEABURG, an Attorney, Respondent.

First Department, October 31, 1941.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Harold E. S. Seaburg*, respondent in person.

PER CURIAM. The respondent has been found guilty by an official referee appointed by this court of two charges of professional misconduct.

Although he attended some of the hearings before the referee, the respondent submitted no evidence in contradiction of the testimony adduced in support of the charges and interposed no defense. He was given repeated adjournments by the referee to obtain his files and submit any evidence he deemed material, but he finally defaulted and the case was closed. There are thus no issues with respect to the findings of the referee that the charges of professional misconduct have been established in all particulars.

The respondent was retained in October, 1938, by the Swedish firm of Wahlgren & Nordquist to prosecute a claim for damages against a corporation doing business in the city of New York in connection with the purchase of certain paper. He requested and received from his client the sum of $100 for disbursements. He incurred no disbursements. He converted to his own use the money thus received. He falsely represented to his client and to the Swedish Chamber of Commerce, which had recommended the respondent to Wahlgren & Nordquist, that he had commenced an action on behalf of his client in the Federal court.

The respondent was also retained by one Aste Alexson to settle the estate of his mother, Astrea R. Alexson, who died intestate, a resident of New York. He was to receive a fee of four per cent

of the estate. Respondent's client, who lived in New York, and his two sisters, who resided in Sweden, were the only heirs at law and next of kin of the deceased.

The papers filed in the office of the clerk of the Surrogate's Court of Bronx County show a gross estate of $2,056.86, with expenses totaling $521 including the fees and disbursements of the respondent. The net estate was thus $1,535.86, and the net share to each distributee $511.95.

With the exception of $53.50 paid to Aste Alexson, the respondent converted to his own use the entire amount of his client's share. In addition, he obtained from Alexson $155 on account of various expenses of the estate, at least a portion of which was included in the expenses set forth in the account.

The respondent should be disbarred.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Respondent disbarred.